UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JAMES E JORDAN | CASE NO. 3:23-CV-00748 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ADAM L HILL ET AL | MAGISTRATE JUDGE KAYLA D. MCCLUSKY |

MEMORANDUM RULING

Pending before this Court is a Motion for Summary Judgment [Doc. No. 25] filed by Defendant GEICO Indemnity Company ("GEICO"). An Opposition [Doc. No. 27] was filed by Plaintiff James E. Jordan ("Jordan"), and a Reply [Doc. No. 30] was filed by GEICO.

For the reasons set forth herein, GEICO's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

On October 21, 2020, Jordan was allegedly mowing his yard when he was struck by a 2020 Chevrolet Malibu driven by Adam L. Hill. ("Hill"), causing injuries to Jordan.[1] Jordan further alleged that GEICO provided insurance coverage to the Chevrolet Malibu because GEICO had issued a policy of automobile insurance to Kenyata Witherspoon ("Witherspoon"). Jordan further alleged GEICO provided coverage on the 2020 Chevrolet Malibu because Witherspoon had rented the Malibu from EAN Holdings ("EAN") and gave Defendant Hill permission to drive the Malibu.[2]

GEICO denies that the GEICO policy issued to Witherspoon provides coverage to Hill or the 2020 Chevrolet Malibu. In the instant motion, GEICO maintains that Hill is not an insured under the GEICO policy and that GEICO's policy does not provide coverage to the 2020 Chevrolet Malibu involved in the accident.

---

[1] [Doc. No. 1-2 ¶¶ 3-4]
[2] [Doc. No. 1-2 ¶ 8]

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both

parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Insurance Policy Interpretation

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. *Magnon v. Collins*, 739 So.2d 191, 196 (La. 1999). Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and enforce reasonable policy obligations the insurer contractually assumes. *Id.* If the policy language is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. La. C.C. art. 2046. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. *Magnon v. Collins*, 739 So.2d at 197.

Any policy provision that narrows or restricts statutorily mandated coverage will not be enforced because an insurer is not at liberty to limit its liability and impose conditions upon its

obligations that conflict with statutory law or public policy. *Marcus v. Hanover Ins. Co.*, 740 So. 2d 603, 606 (La. 1999).

### C. GEICO Policy Provisions

The pertinent policy provisions of the GEICO policy read as follows:

**INSURING AGREEMENT**

1. We will pay damages for ***bodily injury*** or property damage for which any ***covered person*** becomes legally responsible because of an auto accident.

1. **Covered person** as used in this section means:

a. *You* or any ***family member*** for the ownership, maintenance or use of any auto or trailer.

b. Any person using ***your covered auto***.

The policy defines "covered auto" as follows:

10. ***Your covered auto*** means:

a. Any vehicle shown in the Declarations;

b. Any ***trailer*** you own.

c. ***Temporary substitute auto***

8. ***Temporary substitute auto*** means an auto or ***trailer***, not owned by you, temporarily used with the permission of the owner. This vehicle must be used as a substitute for ***your covered auto or trailer*** when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction.[3]

Non-owned auto means a private passenger auto or trailer not owned by or furnished for regular use of either you or a family member, other than a temporary substitute auto. An auto rented or leased for more than thirty days will be considered as furnished for your regular use.[4]

---

[3] [Doc. No. 25-5 pp. 6-7 (GEICO Policy)].
[4] Id.

The Declarations Page of the GEICO policy lists Kenyata P. Witherspoon as the "Named Insured" and lists the vehicles covered as a 2016 Chevrolet Impala LT2 and a 2017 Lincoln.[5]

### D.     Analysis

In applying the GEICO policy provisions, the GEICO policy does not list Hill as a "Named Insured." The policy also does not list the 2020 Chevrolet Malibu as a covered vehicle. The allegations in the Petition for Damages state that the named insured, Witherspoon, rented the 2020 Malibu from EAN and gave permission to Hill to drive the 2020 Malibu. However, there is no evidence in the record to prove either that Witherspoon leased the 2020 Malibu or that Witherspoon gave Hill permission to drive the 2020 Malibu. Without this evidence, Jordan's claim against GEICO fails.

Hill is not a "covered person" because he has not been shown to be Witherspoon's family member. To be "any person using your covered auto" within the GEICO policy, Hill must have been using a "temporary substitute auto" because the 2020 Malibu was not a listed automobile in the GEICO policy. A "temporary substitute auto" requires that the 2020 Malibu be temporarily used with the permission of the owner, that is used as a substitute for an auto listed in the GEICO policy that was withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction. There is no evidence in the record that the 2020 Malibu was used as a substitute for a vehicle listed in the policy, or that Hill had Witherspoon's permission to drive it.

There is also no evidence in the record that the 2020 Malibu was a "non-owned auto" because there is no evidence in the record that Witherspoon had any possession whatsoever of this vehicle, or that Witherspoon gave permission to Hill to drive it.

---

[5] [Doc. No. 25-5, p. 1]

Jordan argues that La. R.S. 22:1296A requires that GEICO provide automobile liability insurance to "rental motor vehicles" coverage in effect in the original policy. However, even if this were required by GEICO, there is no evidence in the record to tie the 2020 Malibu to the GEICO policy for Witherspoon. There is no evidence that Witherspoon actually loaned the 2020 Malibu or that she gave Hill permission to drive it.

The Plaintiff bears the burden of proof in establishing insurance coverage. *Crum & Forster Specialty Ins. Co. v. Explo. Sys. Inc.*, 157 F. Supp. 3d 606, 615, (W.D. La. 2016). Jordan has not done so. Therefore, GEICO's Motion must be **GRANTED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant GEICO Indemnity Company's Motion for Summary Judgment [Doc. No. 25] is **GRANTED**, and Plaintiff's claims against GEICO are **DISMISSED WITH PREJUDICE**.

Monroe, Louisiana, this 20th day of March 2024.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**